UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONDENNA CRABTREE,

    Plaintiff,

v.                                           CASE NO. 8:17-cv-2324-T-23JSS

WAL-MART STORES EAST LP,

    Defendant.
_____/

## ORDER

Dondenna Crabtree allegedly slipped on a "wet substance" at Wal-Mart and fell. After Crabtree sued in state court for negligence, Wal-Mart removed (Doc. 1) the action and invoked diversity jurisdiction. Crabtree moves (Doc. 5) for leave to amend the complaint to add a claim against Lisa Dickerson, a Florida citizen and a "zone manager" at the Wal-Mart in which Crabtree slipped and fell.

## DISCUSSION

Not a guarantor of each shopper's safety, a manager bears liability for an injury only if the manager contributed directly to the injury. *Accordino v. Wal-Mart Stores East, L.P.*, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005) (Corrigan, J.) (collecting Florida decisions). A manager's "general administrative responsibility" for the store imposes no duty to ensure each shopper's safety. *McElveen v. Peeler*, 544 So. 2d 270

(Fla. 1st DCA 1989) (Wentworth, J.); *accord McDaniel v. Sheffield*, 431 So. 2d 230 (Fla. 1st DCA 1983) (Thompson, J.).

The proposed complaint alleges: "By virtue of her managerial authority and position," Dickerson "owed a duty to maintain the premises in a reasonably safe condition and to adequately warn [Crabtree] of any dangers on the premises." (Doc. 5-1 at 4)  In other words, the proposed complaint attempts to subject Dickerson to liability based on Dickerson's "general administrative responsibility."  Other than the conclusory allegations in paragraph fifteen, nothing in the complaint shows that Dickerson contributed directly to Crabtree's injury.[1]  Also, Wal-Mart submits evidence to show that Dickerson owed Crabtree no duty to ensure the cleanliness of the area in which Crabtree fell.  Dickerson, who manages part of the store, affirms (Doc. 6 at 10) no responsibility for the "Garden Center" where Crabtree fell.  *See Foman v. Davis*, 371 U.S. 178 (1962) (holding that the "futility of amendment" warrants denying leave to amend).

---

[1] The decisions consistently decline to remand an action in which the plaintiff alleges the conclusion — but fails to allege facts showing — that a manager's negligence caused the plaintiff's injury. *See, e.g.*, *De Varona v. Discount Auto Parts, LLC*, 860 F.Supp.2d 1344 (S.D. Fla. 2012) (Ungaro, J.) (denying motion to remand); *Accordino*, 2005 WL 3336503 (denying motion to remand); *McPherson v. Wells Fargo Bank, N.A.*, 2013 WL 12059608 (S.D. Fla. Apr. 10, 2013) (Moore, J.) (denying motion to remand); *Scipione v. Advance Stores Co., Inc.*, 2012 WL 3105199 (M.D. Fla. July 31, 2012) (Bucklew, J.) (denying leave to add a claim against the manager and denying motion to remand); *Wade v. Dolgencorp, LLC*, 2009 WL 8630725 (M.D. Fla. Oct. 14, 2009) (Bucklew, J.) (denying motion to remand); *Racaniello v. Fresh Market, Inc.*, 2014 WL 12479404 (S.D. Fla. Oct. 22, 2014) (Rosenberg, J.) (denying motion to remand); *Ruscin v. Wal-Mart Stores, Inc.*, 2013 WL 12157850 (M.D. Fla. July 16, 2013) (Scriven, J.) (denying motion to remand).

## CONCLUSION

The proposed complaint fails to state a claim against Dickerson, and the evidence submitted by Wal-Mart shows the futility of the proposed amendment. The motion (Doc. 5) to add a claim against Dickerson is **DENIED**. Because the parties shares no citizenship and because the amount in controversy on the day of removal likely exceeded $75,000,[2] the request (Doc. 5 at 3) to remand the action is **DENIED**.

ORDERED in Tampa, Florida, on December 4, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] A November 13, 2017 order (Doc. 7) directs Wal-Mart to show that the amount in controversy on the day of removal likely exceeded $75,000. Wal-Mart responds (Doc. 8 at 13) that Crabtree claims $63.519.99 in medical expenses. Because Crabtree requests damages for "pain and suffering" and lost wages, the amount in controversy at the time of removal from Crabtree's negligence claim likely exceeded $75,000.