UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONDENNA CRABTREE,

    Plaintiff,

v.                                                                               Case No: 8:17-cv-2324-T-JSS

WAL-MART STORES EAST LP,

    Defendant.
    _____/

# ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Video Surveillance ("Motion"). (Dkt. 19.) In her Amended Complaint, Plaintiff alleges that she slipped and fell on a wet substance while in one of Defendant's stores. (Dkt. 2.) In the Motion, Plaintiff seeks an order compelling Defendant to produce the video footage of her fall. (Dkt. 19; Dkt. 19-1 at 2.) Defendant objected to producing a copy of the video until after Plaintiff is deposed. (Dkt. 19-1 at 2.) However, because Defendant failed to respond to the Motion, the Motion is deemed unopposed. (Dkt. 22.) For the reasons that follow, the Motion is granted.

"Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Schulte v. NCL (Bahamas) Ltd.*, No. 10-23265-CIV, 2011 WL 256542, at *4 (S.D. Fla. Jan. 25, 2011) (recognizing that the court "retains the discretion to control the timing of discovery"). Where a defendant opposes producing video footage of a slip and fall before the plaintiff's deposition, appellate courts defer to the trial court's discretion, reviewing for an abuse of discretion. *Compare McClure v. Publix Super Markets, Inc.*, 124 So. 3d 998, 998–99 (Fla. 4th DCA 2013) (denying certiorari review because the trial court did not abuse its discretion when it permitted defendant to delay

production of video footage until after plaintiff's deposition was completed), *with Target Corp. v. Vogel*, 41 So. 3d 962, 963 (Fla. 4th DCA 2010) (denying certiorari review of a trial court order compelling defendant to produce photographs and video footage of plaintiff's slip and fall before plaintiff's deposition because the trial court has "broad discretion in overseeing discovery," and defendant failed to show how delaying production would "prevent fraudulent and overstated claims").

Where the defendant, in opposing production, presents no evidence that the plaintiff will tailor her deposition testimony to the video footage, courts compel production of the videotapes before the plaintiff is deposed. *Jones-Graham v. Advance Stores Co., Inc.*, No. 14-81411-CIV, 2015 WL 4365317, at *2 (S.D. Fla. July 14, 2015) (compelling defendant to produce the videotape of the slip and fall because defendant "failed to come forward with any specific facts to support its argument that producing the surveillance footage to Plaintiff prior to her deposition would cause her to improperly tailor or otherwise alter her deposition testimony," and, therefore, "[t]he Court cannot justify stepping in and altering the manner and sequence in which discovery is produced in this case"); *Schulte*, 2011 WL 256542, at *3–4 (ordering production of the video of plaintiff's slip and fall before plaintiff's deposition because the video was not work product and there was no evidence that plaintiff was likely to fabricate or tailor her testimony). Here, Defendant has presented no such evidence because it did not respond to the Motion.

Thus, under these circumstances, "[w]hile [the video] could be offered for impeachment value, the primary evidentiary value of such a tape is as proof of the underlying facts surrounding the incident," and, "[t]herefore, the videotape should be produced to the Plaintiff prior to her deposition." *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1375 (S.D. Fla. 2013).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Production of Video Surveillance (Dkt. 19) is **GRANTED**. Defendant shall produce the video to Plaintiff before her deposition.

**DONE** and **ORDERED** in Tampa, Florida, on February 15, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record